UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO RODRIGUEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>JEANNE WOODFORD; et al,<br><br>    Defendant.<br>_____/ | No. C 05-1419 SI (pr)<br><br>**ORDER OF DISMISSAL** |

Plaintiff filed a pro se civil action on April 7, 2005. On that date, the court notified plaintiff in writing that the complaint was deficient due to the failure to pay the filing fee or furnish a completed and signed court-approved in forma pauperis application, including a completed certificate of funds in the prisoner's account and a copy of the prisoner's trust account statement for the last six months. Plaintiff was advised that failure to pay the fee or file the completed application within thirty days would result in dismissal of the action. Plaintiff has failed to provide the court with either the filing fee or a complete in forma pauperis application and the deadline by which to do so has passed. Specifically, the in forma pauperis application he did file is not accompanied by the required certificate of funds in the prisoner's account or an inmate trust account statement for the last six months. The in forma pauperis application is DENIED (Docket # 3). This action is DISMISSED without prejudice for failure to pay the filing fee or submit a complete in forma pauperis application. Plaintiff may file a new action, but

should include a filing fee or an in forma pauperis application with a new civil rights complaint to commence that new action. Because this action is now dismissed, plaintiff should not file an in forma pauperis application or pay the filing fee in this action.

The court notes that plaintiff alleges in his complaint that he does not need to exhaust administrative remedies because he is seeking only money damages. That is incorrect. Exhaustion of all "available" remedies is mandatory. Porter v. Nussel, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 739. The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). If Rodriguez conceded that he did not exhaust his administrative remedies before filing this action, such a concession would provide an independent basis for dismissal of this action. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies").

The clerk shall close the file.

IT IS SO ORDERED.

Dated: September _6_, 2005

_____
SUSAN ILLSTON
United States District Judge